UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMADOU DIALLO,

                        Plaintiff,                                **COMPLAINT**

    -against-

                                                                                   Jury Trial

THE CITY OF NEW YORK, SGT. SEAN AMAN,
P.O. JOHN WOO, and P.O. RISEL MARTINEZ,

                        Defendants.
-------------------------------------------------------------------x

        Plaintiff AMADOU DIALLO (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

8. Defendant City of New York is a municipal organization duly established under the laws and constitution of the State of New York.

9. Defendants Aman, Woo and Martinez are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On May 17, 2016, ("date of incident") around 3 p.m., plaintiff was driving to pick up his 5 year old brother from school.

10. Plaintiff, a 24 year old African-american male, was in the vicinity of 144th street and 8th avenue when he was pulled over by individual who turned out to be plain-clothes officers.

11. All three defendants approached plaintiff's vehicle and refused to identify themselves.

12. Plaintiff feared for his safety so he started video-taping the individuals who claimed to be NYPD officers but refused to identify themselves.

13. Defendant Martinez grabbed plaintiff's phone and shut it off.

14. All three defendants then made plaintiff get out of the car and directed him to the rear of the car.

15. During this encounter, defendants refused to tell plaintiff the reason he was stopped.

16. Without any reason or probable cause, defendants frisked and searched plaintiff including touching his private parts.

17. Without any reason or probable cause, defendants then searched plaintiff's vehicle.

18. After detaining plaintiff for nearly two hours, defendants let him go without any summons or justification for their initial stop.

## AS AND FOR A FIRST CAUSE OF ACTION
(Free speech-First Amendment-Unlawful search and seizure-Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

20. Defendants refused to identify themselves and prevented plaintiff from recording his unlawful stop and seizure.

21. Plaintiff was stopped, frisked and arrested even though he had committed no crime.

22. Plaintiff and his car were searched without any probable cause or consent.

23. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unlawful search, seizure, false arrest and assault and his rights for free expression were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Supervisory Liability)

24. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

25. Defendant Aman as Sergeant of the NYPD was responsible for the supervision of the defendant police officers.

26. Defendant Aman participated in the arrest and prosecution of plaintiff which caused plaintiff's violation of his constitutional rights.

27. Defendant Aman further failed to intervene and prevent the ongoing misconduct by the defendant officers that resulted in false arrest and prosecution of plaintiff.

28. Defendant Aman was further deliberately indifferent to plaintiff's innocence and failed to act on personal information that his respective subordinates had arrested an innocent man and was being malicious prosecuted.

29. As a result of the foregoing, defendant Aman is liable under the theory of supervisory liability because his actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

30. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. Defendants, who are law enforcement officers, observed the false nature of the stop, arrest, frisk and search of plaintiff and his vehicle. These defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiff's body as detailed in the foregoing paragraphs of the complaint by other NYPD defendants (law enforcement officers) in their presence.

32. Defendants knew or observed that by falsely seizing, frisking and searching plaintiff and his vehicle without a warrant or probable cause was a violation of his 4th amendment rights by one or more of their fellow NYPD officers and had an opportunity to intervene to prevent further harm and to report the misconduct to NYPD superiors. Yet they failed to act or intervene. As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices. These practices have been found unconstitutional by the SDNY. Yet they continue to this day and target individuals like plaintiff. There have been numerous lawsuits and judgments entered against the City for the allegations outlined in this complaint. The City's failure to ignore these lawsuits and failure to train or re-train, supervise or adequately discipline these defendants have led to the continuity of these illegal acts even in light of class action settlements designed specifically to curb these abuses.

36. Stopping minorities without any probable cause, frisking, searching them and their vehicle to justify their stop are endemic problems within the NYPD.

37. In addition, the Defendant's superior officers whose duty it is discipline the offending defendants and train or re-train, simply ignored their misconduct and this empowered these individual defendants and other members of the NYPD to continue with their misconduct. Specially because the NYPD officers knew that any discipline they would receive would be a "slap on the wrist."

38. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and

constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

40.	Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct and thus making the defendant City of New York liable under *Monell*.

## AS AND FOR A FIFTH CAUSE OF ACTION
(42 U.S.C. 1981)

41.	Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42.	Defendants targeted plaintiff because of his race and color.

43.	Defendants discriminated against plaintiff by falsely seizing him simply because of his race and color.

44.	As a result plaintiff's rights under 1981 were violated.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars for each and every Cause of Action;

    b. Award the costs of this action to the Plaintiff;

    c. Award reasonable attorney fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

    d. Award punitive damages in an amount assessed by the jury;

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       June 5, 2017

                                    PAWAR LAW GROUP P.C.
                                    20 Vesey Street, Suite 1210
                                    New York, New York 10007
                                    (212) 571-0805

                                    By:    /s
                                        Robert Blossner (RB0526)
                                        Vik Pawar (VP9101)
                                        *Attorneys for Plaintiff*